ENTERED DEC 1 1 2014

STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        Docket No. CV-13-363

STATE OF MAINE
Cumberland ss Clerk's Office

DEC 09 2014

RECEIVED

NDM-CWM-12-09-14

DAVID L. BARTER,

            Plaintiff

                                        ORDER ON PLAINTIFF'S
v.                                      MOTION FOR DEFAULT
                                        JUDGMENT ON LIABILITY

WAL-MAT STORES, INC.,

            Defendant

Before the court is plaintiff's motion for default judgment on liability. Plaintiff argues defendant failed to preserve all available surveillance video of the entire parking lot of defendant's store in Windham, Maine for the day of the incident, February 11, 2013. Defendant argues it produced the actual surveillance video and still photos from the video of the area of the parking lot where plaintiff alleges he fell. Defendant's policy provides that surveillance video is retained for 30 days only unless there is a reason to retain the video beyond 30 days. Apparently because there were no other incidents in other areas of the parking lot on February 11, 2013, surveillance video for those areas was not retained. (Davis Dep. 42-53.)

Plaintiff learned at the deposition of defendant's representative on August 22, 2014 that the surveillance video of the remaining areas of the parking lot had not been retained. Plaintiff filed this motion on November 5, 2014, when the case was on the November-December trial list. Defendant filed its opposition to the motion on November 10, 2014. Plaintiff filed no reply.

1

There is no basis for entry of default in this case pursuant either to Rule 37 or Rule 55. See M.R. Civ. P. 37(b)(2)(C) & 55(b)(2). There was no spoliation of evidence. See Driggin v. Am. Sec. Alarm Co., 141 F. Supp. 2d 113, 120 (D. Me. 2000) ("The goals of the spoliation doctrine 'are to rectify any prejudice the non-offending party may have suffered as a result of the loss of evidence and to deter any future conduct, particularly deliberate conduct, leading to such loss of evidence.'") (quoting Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 29 (1st Cir. 1998)); see also Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 177 (1st Cir. 1998) ("This permissive negative inference springs from the commonsense notion that a party who destroys a document (or permits it to be destroyed) when facing litigation, knowing the document's relevancy to issues in the case, may well do so out of a sense that the document's contents hurt his position.") (emphasis added)).

The entry is

> Plaintiff's Motion for Default Judgment on Liability is DENIED.

Date: December 9, 2014

Nancy Mills
Justice, Superior Court

JEFFREY EDWARDS ESQ
PRETI FLAHERTY BELIVEAU & PACHIOS
PO BOX 9546
PORTLAND ME 04112-9546


JOY MCNAUGHTON ESQ
LAW OFFICES OF JOHN HORN
130 MIDDLE ST
PORTLAND ME 04101